**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RACHEL BARTZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-02233 |
| | ) | |
| v. | ) | Judge Franklin U. Valderrama |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| CHICAGO POLICE OFFICER MARCUS MUDD (#14390), SUPERINTENDENT DAVID BROWN, and CITY OF CHICAGO, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* FED. R. CIV. P. 26(f)(2); FED. R. CIV. P. 26(f)(3); FED. R. CIV. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* FED. R. CIV. P. 16(b)(4).

I. **Nature of the Case**

   A. Attorneys of Record for each party:

   **For Plaintiff Rachel Bartz:**

   Brad J. Thomson (Lead Trial Attorney)
   Ben H. Elson
   Janine L. Hoft
   Hakeem Muhammad
   Nora P. Snyder
   People's Law Office
   1180 N. Milwaukee Ave. Chicago, IL 60642
   (773) 235-0070
   brad@peopleslawoffice.com
   ben@peopleslawoffice.com
   janinehoft@peopleslawoffice.com
   hakeemmuhammad@peopleslawoffice.com

1

norasnyder@peopleslawoffice.com

Vanessa del Valle (Lead Trial Attorney)
Roderick and Solange MacArthur Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 606611-3609
(312) 503-5932
vanessa.delvalle@law.northwestern.edu

**For Defendant Marcus Mudd:**

Steven Blair Borkan
Timothy P. Scahill
Whitney Newton Hutchinson
Special Assistant Corporation Counsel
Borkan & Scahill, Ltd.
20 South Clark Street, Suite 1700
Chicago, IL 60603
sborkan@borkanscahill.com
tscahill@borkanscahill.com
whutchinson@borkanscahill.com

**For Defendants City of Chicago and Superintendent Brown:**

John Francis Kennedy
Adam William Decker
Allan T. Slagel
Andrew Sean Murphy
Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
(312) 527-4000
jkennedy@taftlaw.com
adecker@taftlaw.com
aslagel@taftlaw.com
amurphy@taftlaw.com

B. Federal question jurisdiction is properly invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, and 1343. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367. Diversity jurisdiction is not at issue in this case.

C. On May 30, 2020, Plaintiff Rachel Bartz was a 24-year-old white woman who participated in a demonstration in downtown Chicago in support of the Black

Lives Matter movement. Plaintiff alleges that on that date, Defendant Officer Marcus Mudd and other unknown Chicago police department officers repeatedly struck Plaintiff with their batons without justification. Plaintiff initially brought her claims on November 19, 2020, as part of a multi-plaintiff lawsuit ("Original Action") alleging unconstitutional actions by the Chicago Police Department at a series of demonstrations during the summer of 2020 protesting against anti-Black racism and police violence.

D. Plaintiff has brought claims pursuant to 42 U.S.C. § 1983 for Excessive Force, Violation of the First Amendment, Violation of the Equal Protection Clause of the Fourteenth Amendment, Conspiracy to Deprive Plaintiff of Constitutional Rights, Failure to Intervene, and Unlawful Policy and Practice. Additionally, Plaintiff has brought state law claims for violations of the Illinois Constitution, assault, battery, conspiracy, *respondeat superior*, and indemnification pursuant to 735 ILCS 10/9-102.

E. The major factual issues in the case concern whether Defendant Officers struck Plaintiff with batons and/or failed to intervene when other officers struck Plaintiff, whether officers were justified in their actions, and the facts of Chicago Police Department's ("CPD") policies and practices regarding use of force, policing protest, accountability, supervision and training.

F. The major legal issues in the case concern the constitutionality of Officer Mudd's and the unknown officers' actions and inactions and the Chicago Police Department's ("CPD") policies and practices regarding use of force, policing protest, accountability, supervision and training.

G. Plaintiff seeks compensatory and punitive damages; reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988; and any further relief this Court may deem appropriate and just. Plaintiff's damages are based on the physical injuries she sustained from being struck by batons, along with the violation of her constitutional rights. Plaintiff has provided a settlement demand to Defendants.

H. Plaintiff's claims were initially filed as part of *Protesters in Support of Black Lives v. City of Chicago*, 20-cv-6851 (the "Original Action"), which included 60 plaintiffs and dozens of officer defendants plus the City of Chicago and former Superintendent Brown. Pursuant to Judge Coleman's order dated April 6, 2023, that matter was severed into fifteen separate cases, including this matter before the Court. Defendants were served when Plaintiff's claims were still a part of the Original Action. The Complaint that appears on the docket in this case was the first of five Complaints that the plaintiffs in the Original Action filed. Plaintiff will file an amended complaint limited to Plaintiff Bartz's claims within 14 days, by July 10, 2023.

II. <u>Discovery</u>

A. Defendants propose to bifurcate and stay *Monell* discovery in this case (and all other severed cases) pending resolution of Plaintiff's claim against Defendant Mudd. Plaintiff opposes any bifurcation and/or stay of *Monell* discovery in this case (and all other severed cases).

B. Plaintiff proposes the following discovery schedule for all discovery. Defendants propose the same discovery schedule for non-*Monell* discovery:

| Event | Deadline |
| --- | --- |
| Initial Discovery Responses | October 19, 2023 |
| Amendment to the pleadings | December 19, 2023 |
| Service of process on any "John Does"[1] | February 19, 2024 |
| Completion of Fact Discovery | April 22, 2024 |
| Disclosure of Plaintiff's Expert Report(s) | May 23, 2024 |
| Deposition of Plaintiff's Expert | June 24, 2024 |
| Disclosure of Defendant's Expert Report(s) | July 25, 2024 |
| Deposition of Defendant's Expert | August 26, 2024 |
| Dispositive Motions | October 2, 2024 |

C. Plaintiff expects that she will need between 5-10 depositions, which will include the deposition of Defendant Mudd, the depositions of the several as of yet unidentified officers who also struck Plaintiff with batons, and, with regard to Plaintiff's *Monell* claims, the deposition of former Superintendent Brown, the depositions of several other high ranking CPD officials, and one or more Fed. R. Civ. P. 30(b)(6) witness. Defendants expect that they will need approximately 3-10 depositions, depending on the number of witnesses Plaintiff discloses. Defendants anticipate taking the depositions of Plaintiff and any liability or damages witnesses she discloses pursuant to Fed. R. Civ. P. 26(a).

D. The parties do not foresee any special discovery issues at this time.

E. The parties have discussed a discovery plan and propose the above discovery schedule.

---

[1] Defendants contend that any claims against "John Doe" defendants are barred by the statute of limitations.

III. **Trial**

    A. Plaintiff has demanded a jury trial.

    B. Plaintiff anticipates trial will last approximately seven to ten days.

IV. **Settlement, Referrals, and Consent**

    A. On February 3, 2021, Plaintiff's counsel provided a settlement demand on behalf of all plaintiffs in the Original Action. Then, in August 2021, in response to Defendants' request, Plaintiff's counsel provide an updated demand, which included a specific demand for Plaintiff Bartz. The parties, however, did not come to a settlement at that time. At Defendants' request, Plaintiffs issued an updated demand on behalf of all plaintiffs in the Original Action on May 24, 2023, which included a specific demand for Plaintiff Bartz. Defendants have not yet responded to this demand.

    B. Plaintiff requested that Defendants consent to a referral to Magistrate Judge Gilbert to conduct a settlement conference for all plaintiffs in the Original Action. Defendants do not agree to jointly request a global mediation for all plaintiffs in the Original Action. Plaintiff requested that Defendants consent to a referral to Magistrate Judge Gilbert to conduct a settlement conference in this case. While Defendants believe it is premature for a Magistrate referral at this juncture Defendants are in the process of determining an appropriate counter-offer to Plaintiff's demand.

    C. The parties do not unanimously consent to proceeding before a Magistrate Judge.

V. **Other**

    A. While a limited amount of the preliminary discovery conducted in the Original Action served the limited purpose of identifying some of the defendants in this matter, the parties have not issued written discovery in this case specific to Plaintiff's claims and Defendants' defenses.

Date: June 26, 2023
        /s/ Brad J. Thomson
        Brad J. Thomson
        Ben H. Elson, Janine L. Hoft,
        Nora Snyder, Hakeem Muhammad
        People's Law Office
        1180 N. Milwaukee Ave.
        Chicago, IL 60642
        773-235-0070

*Counsel for the Plaintiff, Rachel Bartz*

/s/ Whitney Newton Hutchinson
Steven Blair Borkan
Timothy P. Scahill
Whitney Newton Hutchinson
Special Assistant Corporation Counsel
Borkan & Scahill, Ltd.
20 South Clark Street, Suite 1700
Chicago, IL 60603
(312) 580-1030
*Counsel for Defendant Officer Marcus Mudd*

/s/ Andrew S. Murphy
John Francis Kennedy
Adam William Decker
Allan T. Slagel
Andrew Sean Murphy
Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
(312) 527-4000
*Counsel for Defendants City of Chicago and Superintendent David Brown*